IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **REGINALD BARNETT,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 5:11-0429 |
| **WARDEN,** | ) |
| **Defendant.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On June 3, 2011, Plaintiff, acting *pro se*,[1] filed in the District of Maryland a letter-form Complaint claiming entitlement to relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Document No. 1.) By Order entered on June 20, 2011, the District Court for the District of Maryland transferred this matter to this District after finding that Plaintiff's claim arose from incidents that allegedly occurred while he was confined at FCI Beckley.[2] (Document Nos. 2 and 3.)

In his letter-form Complaint, Plaintiff first claims prison officials at FCI Beckley are retaliating against him because Plaintiff assisted the government in prosecuting correctional officers

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Plaintiff filed a Motion for Preliminary Injunction with this Court on December 6, 2010, alleging similar claims. (Civil Action No. 5:10-cv-01350, Document No. 1.) By Proposed Findings and Recommendation entered on June 15, 2011, the undersigned recommended that Plaintiff's Motion for Preliminary Injunction be denied. (*Id.*, Document No. 6.) By Memorandum Opinion and Order entered on September 20, 2011, United States District Judge Irene C. Berger adopted the undersigned's recommendation and denied Plaintiff's Motion for Preliminary Injunction. (*Id.*, Document Nos. 13 and 14.)

who assaulted him while he was incarcerated at another facility. (Document No. 1, p. 1.) Plaintiff explains that correctional officers are calling him "a snitch/rat" and he "has yet to receive medical treatment for the injuries that [he] suffered at the hands of those correctional officers who assaulted [him]." (Id.) Plaintiff further claims that "correctional officers used another inmate to place a weapon in [my] cell to justify placing me in segregation lock down." (Id.) Next, Plaintiff complains that his current cell mate is on a hunger strike and refuses to allow meals to enter the cell. (Id., p. 2.) Finally, Plaintiff contends that he has "very serious medical issues" and is in "need of several surgeries." (Id.) Plaintiff asserts that FCI Beckley is a care level two institution and he should be held at a care level four institution. (Id.) Specifically, Plaintiff asserts that he cannot receive morphine as a prescribed medication because FCI Beckley is a care level two institution. (Id., p. 3.) Plaintiff requests that "something is done to stop this ongoing injustice." (Id.) Plaintiff makes no request for an award of monetary damages. (Id.)

## STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic

or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## ANALYSIS

The allegations stated in Plaintiffs' Complaint asserting violations of his constitutional rights are cognizable under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. Article III, Section 2 of the United States Constitution, however, provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. "It has long been settled

that a federal court has no authority to 'give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of California v. United States, 506 U.S. 9, 12, 113 S.Ct. 447, 449, 121 L.Ed.2d 313 (1992), *quoting* Mills v. Green, 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895); Incumaa v. Ozmint, 507 F.3d 281, 285 - 286 (4th Cir. 2007). A change in an inmate's circumstances from those which generated the inmate's request for injunctive relief by the inmate's transfer, release or change in custodial status will render his claim for injunctive relief moot unless the circumstances are capable of repetition. Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009)("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991)(Plaintiff's transfer mooted his Section 1983 claims for declaratory and injunctive relief but not claims for monetary damages.); Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987)("Because the prisoner has been transferred, his request for injunctive relief is moot."); Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983)(When an inmate seeking injunctive relief is released from custody, the inmate no longer maintains a "sufficient interest in the outcome of the requested relief to present a justiciable case or controversy.").

  Having examined Plaintiff's Complaint, the Court has determined that Plaintiff challenges the conditions of his confinement at FCI Beckley. Plaintiff has requested only injunctive relief: his transfer to a different BOP facility. (Document No. 1.) Soon after the filing of his letter-form Complaint, Plaintiff was transferred to USP Canaan. Plaintiff has since been transferred to MCFP Springfield, a federal medical center, located in Springfield, Missouri. Plaintiff's claim for injunctive relief respecting circumstances at FCI Beckley became moot when he was transferred, and it is not

evident that those circumstances which he would have enjoined are capable of repetition within this District. Because Plaintiff has not made a request for monetary relief, Plaintiff's Complaint in this matter should be summarily dismissed as moot. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991)(finding that inmate's transfer or release from confinement does not moot the inmate's claim for monetary damages).

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's letter-form Complaint (Document No. 1.), **DISMISS** this civil action as moot, and remove this matter from the Court's docket.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, at USP Canaan, Pennsylvania, where he is currently incarcerated.

Date: May 28, 2014.

R. Clarke VanDervort
United States Magistrate Judge